**Paul Matthew ZARVIS,**
**Plaintiff–Appellee,**

v.

**ALBANY COUNTY, James L. Campbell, Sheriff of the County of Albany, Edward Szostak, Superintendent of Albany County Correctional Facility, J. Arthur Torian, Physician of Albany County Correctional Facility, Defendants–Appellants.**

No. 03–0124.

United States Court of Appeals, Second Circuit.

Sept. 24, 2003.

Karen A. Butler, Thuillez, Ford, Gold, Johnson & Butler, LLP (Dale M. Thuillez, Debra J. Young, of counsel), Albany, NY, for Appellant.

Stacey M. Gray, Law Offices of Stacey M. Gray, P.C., New York, NY, for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

The defendants appeal from the judgment and order entered on March 25, 2003, in the United States District Court for the Northern District of New York (Norman J. Mordue, *Judge* ), denying the defendants' motion for summary judgment of the plaintiff's § 1983 claims. The district court concluded that the plaintiff raised several genuine issues of material fact with respect to the exhaustion of available administrative remedies as required by 42 U.S.C. § 1997e(a) and with respect to his Eighth Amendment claims. The defendants argue that they are entitled to qualified immunity as a matter of law and that the plaintiff failed to exhaust his administrative remedies. We conclude that we do not have jurisdiction to hear this appeal.

"The denial of summary judgment is ordinarily an interlocutory decision, not a 'final decision' appealable under 28 U.S.C. § 1291." *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir.2002) (quoting *Marshall v. Sullivan*, 105 F.3d 47, 53 (2d Cir.1996)). Although a denial of summary judgment on qualified immunity grounds is sometimes appealable under the collateral order doctrine, *see id.*, the district court did not deny summary judgment on qualified immunity grounds in this case.

> [B]ecause qualified immunity is an affirmative defense, it is incumbent upon the defendant to plead, and adequately develop, a qualified immunity defense during pretrial proceedings so that the trial court can determine which claims, if any, may be disposed of by summary judgment, or, at least, which facts material to the qualified immunity defense must be presented to the jury to determine its applicability once the case has gone to trial.

*Blissett v. Coughlin*, 66 F.3d 531, 538 (2d Cir.1995).

The defendants did not "adequately develop" a qualified immunity defense in the pretrial proceedings below. *Id.* Although they asserted a qualified immunity defense in their answer to the plaintiff's complaint, they did not move for summary judgment on qualified immunity grounds. Rather, in their motion for summary judgment, they argued only that the plaintiff's Eighth Amendment claims lacked merit and that the plaintiff failed to exhaust his administrative remedies. As a result, the district court denied summary judgment on the merits without mentioning the issue of qualified immunity at all.

The defendants note that "[w]e will ... sometimes entertain arguments not raised in the trial court if the elements of the claim are fully set forth and there is no need for additional fact finding." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). This principle does not apply to the instant appeal. The defendants' failure to assert a qualified immunity defense was not merely a waiver or procedural default, which we may excuse. By asking the court to grant summary judgment on the merits, and not on qualified immunity grounds, the defendants have deprived themselves of a "final decision" from which they might have appealed under 28 U.S.C. § 1291.

For the foregoing reasons, the defendants' appeal is hereby DISMISSED.